1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ABIGAIL CUTTER,

                        Plaintiff,

        v.

BIOMET, INC., et al,

                        Defendant.

CASE NO. 3:18-cv-06033-RBL

ORDER ON DEFENDANT'S MOTION
TO DISMISS

## INTRODUCTION

THIS MATTER is before the Court on Defendant Biomet Inc., et. al.'s Motion to

Dismiss Plaintiff Abigail Cutter's Second Amended Complaint. [Dkt. #164 & #167]. Cutter

suffers from an allegedly defective artificial hip system manufactured and distributed by Biomet,

which consists of 4 interrelated companies. Cutter asserts claims for strict products liability,

negligence, and violations of the Washington Consumer Protection Act. She also seeks punitive

damages. Biomet contends her common law products liability and negligence claims are

preempted by the Washington Products Liability Act, and that she has not stated a legally

cognizable claim. It also argues that punitive damages are not available under Washington law.

For the following reasons, Biomet's Motion to Dismiss is GRANTED, but Cutter is granted leave to amend her complaint to assert a WPLA claim in place of her pre-empted, common law strict products liability and negligence claims. Cutter's punitive damages claim is DISMISSED with prejudice and without leave to amend.

## DISCUSSION

## 1.     Legal Standard

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "No technical form is required" for pleading, Fed. R. Civ. P. 8(d)(1), as the purpose of the complaint is to "give the defendant fair notice of the factual basis of the claim." *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 841 (9th Cir. 2007).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

### 2. Strict Products Liability and Negligence Claims

Biomet argues that Cutter's common law strict products liability and negligence claims are pre-empted by the WPLA. Cutter argues (and demonstrates) that her complaint alleges facts sufficient to state a claim under the WPLA.

The WPLA is an "exclusive remedy for product liability claims," preempting all product-related common law claims except fraud. *McFarland v. APP Pharmaceuticals, LLC*, 2011 WL 2413767 at *2 (W.D. Wash. June 13, 2011); *see* Washington Water Power Co. v. Graybar Elec. Co., 112 Wash. 2d 847, 850–51 (Wash. 1989) (finding no doubt of the WPLA's preemptive purpose and broad scope). The WPLA states that a manufacturer is strictly liable for damage "proximately caused by the fact that the product was not reasonably safe in construction or not reasonably safe because it did not conform to the manufacturer's express warranty or to the implied warranties under Title 62A RCW." Wash. Rev. Code Ann. § 7.72.030(2)(a) (West). It also holds manufacturers liable for damage "proximately caused by the negligence of the manufacturer in that the product was not reasonably safe as designed or not reasonably safe because adequate warnings or instructions were not provided…where a manufacturer learned or a reasonably prudent manufacturer should have learned about a danger connected with the product." Wash. Rev. Code Ann. § 7.72.030(1)(a)-(c) (West).

Cutter repeatedly alleges and provides numerous examples supporting her claim that Biomet's hip system "was in…unreasonably dangerous condition," "was not reasonably safe for intended use," and "was not accompanied by adequate instructions and/or warnings to fully inform Plaintiff and her physicians of the full nature or extent of the risks associated with its use." She also claims that this danger was fully due to Biomet's "conscious disregard of the

foreseeable harm" and its "maliciously, recklessly and/or negligently made misrepresentations." [Dkt. # 167]. These alleged facts are practically identical to those required by the WPLA.

Though Cutter's complaint does not cite the correct authority, this defect is not fatal. Dismissal without leave to amend is only appropriate if "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe*, 911 F.2d 242 at 247. As Cutter pled facts sufficient under the WPLA, labelling her claims correctly will easily save her complaint. Defendant's Motion to Dismiss Plaintiff's strict products liability and negligence claims is GRANTED, but Cutter is granted leave to file an amended complaint articulating that her claims are under the WPLA. She should do so within 14 days.

**3. Punitive Damages**

Biomet asks the Court to dismiss Cutter's claim for punitive damages because Washington law does not permit such damages. Cutter provides no response, and Biomet's argument is correct. Washington law does not allow for punitive damages except where expressly authorized by statute. *Dailey v. N. Coast Life Ins. Co.*, 129 Wash. 2d 572, 575 (1996); *see, e.g.*, *Baughn v. Johnson & Johnson*, No. C15-5283 BHS, 2015 WL 4759151, at *2 (W.D. Wash. Aug. 12, 2015); *Spokane Truck & Dray Co. v. Hoefer,* 25 P. 1072 (1891). The WPLA does not authorize punitive damages. Wash. Rev. Code Ann. § 7.72.010(6) (West). Defendant's Motion to Dismiss Cutter's punitive damages claim is GRANTED, without leave to amend.

//

//

//

//

**CONCLUSION**

For the above reasons, Defendant Biomet's Motion to Dismiss Plaintiff Cutter's Second Amended Complaint [Dkt. #164 & #167] is GRANTED. Cutter has 14 days to amend her strict products liability and negligence claims.

IT IS SO ORDERED.

Dated this 12th day of June, 2019.

Ronald B. Leighton
United States District Judge